IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-11420
Summary Calendar
_____

JOHN J. VACCARO,

Petitioner-Appellant,

versus

UNITED STATES PAROLE COMMISSION, et al.,

Respondents-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:97-CV-640-A
- - - - - - - - - -
July 1, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:*

John J. Vaccaro appeals the denial of his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. He contends that the United States Parole Commission (the "Parole Commission") violated the Due Process Clause and/or the Code of Federal Regulations ("C.F.R.s") in retarding his presumptive parole dates. He also argues that the Bureau of Prisons acted arbitrarily and capriciously or misapplied the law in deciding

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the two different sentences he received should run consecutively.

As an initial matter, Vaccaro is not required to obtain a certificate of appealability ("COA") to appeal the denial of his § 2241 petition. Ojo v. INS, 106 F.3d 680, 681 (5th Cir. 1997). Therefore, the district court's denial of COA is not a bar to his ability to proceed.

Vaccaro does not adequately brief his argument that the Parole Commission violated the C.F.R.s, and it is thus deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1995); Fed. R. App. P. 28(a)(6). His argument that the Parole Commission violated his due-process rights in retarding his presumptive parole dates is without merit. See 28 C.F.R. §§ 2.14(b)(2)(ii); 2.28(c), (d), and (e); 2.52(c)(2).

Vaccaro's argument that the Bureau of Prisons acted arbitrarily and misapplied the law in deciding his sentences ran consecutively is likewise unpersuasive. See 18 U.S.C. § 3584(a). To the extent that Vaccaro's argument implicates the sentencing court's application of the sentencing guidelines, it is improperly before this court. See Ojo, 106 F.3d at 683; Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990); 28 U.S.C. § 2255.

Vaccaro has failed to demonstrate any error on the district court's part. Accordingly, the district court's judgment denying Vaccaro's § 2241 petition is affirmed.

AFFIRMED.